## Will D. BULLOCK et al., Appellants,

v.

## Delbert KATTNER, Appellee.

### No. 12073.

Court of Civil Appeals of Texas.

Nov. 28, 1973.

Rehearing Denied Dec. 19, 1973.

Kirk Kuykendall, Kuykendall & Kuykendall, Austin, for appellants.

Robert C. (Lou) McCreary, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee moved a house trailer onto a lot in Pamela Heights subdivision in Travis County.[1] He removed the wheels, thereby permanently connecting the trailer to the lot by means of water pipes, electricity lines and block foundations.

Appellants brought suit for the purpose of enforcing restrictions applying to lots in the subdivision. Appellee is charged with violating the following restriction:

"3. No trailer, basement, tent, shack, garage, barn or other out buildings erected in this subdivision *shall at any time be used as a residence* temporarily *or permanently*, nor shall any structure of a temporary character be used as a residence." [Emphasis added.]

Appellee, admitting that he had placed a "mobile home" on his lot, contended that a mobile home is not a trailer within the meaning of the restriction.

After trial to the court, a take-nothing judgment was entered.

Appellants contend that the court erred in not holding as a matter of law that appellee's mobile home was a trailer within the meaning of the restriction. We sustain this point. We therefore reverse the judgment of the trial court and remand the case to that court so that it may enter an appropriate order compelling appellee to comply with the restriction in question.

This restriction proscribes trailers used as residences temporarily *or permanently*. The intent of the restriction is plain. A trailer, *sans* wheels, placed on blocks and hooked to light and water is still a trailer under this restriction, even though it may also be a mobile home. Temporary or permanent, it is the type of structure that the restriction attempts to exclude.

Appellee cites us to Crawford v. Boyd, 453 S.W.2d 232 (Tex.Civ.App.—Fort Worth 1970, writ ref. n. r. e.); and Hussey v. Ray, 462 S.W.2d 45 (Tex.Civ.App.—Tyler 1970, no writ) for the proposition that the determining factor of whether a structure is a trailer is not what possible use might be made of the structure in the future but what use is actually being made of it at the particular time in question. These cases are distinguishable from the case before us, because the latter restricts the use of trailers parked either temporarily or permanently. Thus, a trailer permanently bound to the earth is also proscribed. Also see Jones v. Beiber, 251 Iowa 969, 103 N.W.2d 364 (1960); Timmerman v. Gabriel, 155 Mont. 294, 470 P. 2d 528 (1970). In *Timmerman* the court points out that a restrictive convenant, similar to the one in the instant case, is directed to a type of structure such as a

---

1. Trailers have been defined as follows:
"... a wide variety of mobile vehicles from boat, U-Hauls, farm, freight trailer to camp, vacation, business office and mobile home trailers." Hussey v. Ray, Tex.Civ.App., 462 S.W.2d 45, no writ.
"(a) Trailer. Every vehicle ... designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle." Vernon's Ann.Civ.St. art. 6701d, Sec. 5(a).
"(d) House Trailer. A trailer or semitrailer which is designed, constructed and equipped ... for use as a conveyance on streets and highways. ..." Art. 6701d, Sec. 5(d)(1).

trailer and that the prohibition extends to the use of those types of structures as dwellings; this prohibition is due to their construction rather than their mobility.

Reversed and remanded with instructions.