E. Leon PHILLIPS et al., Appellants,

v.

Lloyd E. ZMOTONY et ux., Appellees.

No. 1067.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 8, 1975.

Rehearing Denied Jan. 29, 1975.

Edward J. Wheeler, Felton & Montgomery, Pasadena, for appellees.

COULSON, Justice.

This is an appeal from an interlocutory order denying a temporary injunction after a hearing involving a covenant restricting the use of land.

By instrument dated May 30, 1952, and filed for record on June 2, 1952 in Harris County, Texas, Stanley D. Anthony, the owner of 67.61 acres of land out of the W. H. Anthony Survey in Harris County, Texas, dedicated to Harris County for public use as a county road a 60 foot strip of land containing 4.5 acres and dedicated to the Harris County Flood Control District for public use as drainage ditches two parcels of land, one containing 1.2 acres and the second containing 1.3 acres and in said instrument the owner agreed that said 67.61 acres would be held and thereafter conveyed subject to covenants, conditions, stipulations, easements and restrictions as therein set forth. Among other things, said instrument provides as follows:

3. Except as herein provided, no part of said tract shall be used for anything other than residential purposes. . . .

6. No trailer, . . . placed on any part of said tract, shall at any time be used as a residence, nor shall any residence of a temporary character be permitted.

All of the restrictions, covenants, conditions, stipulations, and easements, herein set forth shall be deemed to be covenants running with the land and shall continue and be binding upon the said Stanley D. Anthony, his heirs, and assigns. . . .
The covenants, conditions, stipulations, easements, and restrictions, herein set forth shall be binding on the said Stanley D. Anthony, his heirs, and assigns, and on all parties claiming, by, through, or under him or them, and all subsequent owners

No appearance for E. Leon Phillips.

of property in said tract of land, each of whom shall be obligated and bound to observe the same; . . . . The said Stanley D. Anthony and/or any other owner or owners of any of said parts of said tract of land, shall have the right to enforce the observance and performance of said covenants, conditions, stipulations, easements, and restrictions; and in order to prevent a breach or to enforce observance or performance of the same, shall have the right, in addition to all other legal remedies, to an injunction, either prohibitive or mandatory.

In November of 1973, the defendants Lloyd E. Zmotony and wife Betty Cathleen Zmotony, purchased a 2½ acre tract out of said 67.61 acre tract of land facing on the dedicated public road known as Anthony Lane.

On May 28, 1974, Lloyd E. Zmotony and wife moved a mobile home measuring fourteen feet wide by eighty feet long onto their 2½ acre tract with the intention that it would become the permanent residence of their daughter and her three children.

Prior to the movement of said mobile home onto the lot and while same was still on Anthony Lane, Mrs. Della Thomas, an owner of land in said 67.61 acre tract, notified the daughter of the defendants that the deed restrictions prevented trailer houses on the property. The daughter conveyed this notice to the defendants. At the time of such notice, the mobile home was being pulled by a truck which was hooked to a tongue which was attached to the front of the trailer. The mobile home was mounted on four axles with wheels. Notwithstanding such notice and protest, the mobile home was moved upon the tract and was thereafter connected to a private water supply. The defendants at the time of the hearing had contracted for electric power and installation of a septic tank. The wheels and the trailer tongue were removed and the mobile home was lowered onto concrete blocks and anchored to the ground with "tie-downs." The defendants had started to install skirts at the bottom of the trailer to make it rodent proof. To move the mobile home, it would be necessary to jack up the trailer, put the wheels back onto the axles with lugs and to reattach the tongue. The mobile home could then be moved by a truck.

The defendant, Lloyd E. Zmotony, stated that he was not told anything about the restrictions on the land when the deal was closed at the title company. However, the dedication and restrictions dated May 30, 1952 were filed for record on June 2, 1952 and are recorded in volume 2449, page 713 of the deed records of Harris County, Texas. On May 31, 1974, the appellant E. Leon Phillips, together with other property owners in said 67.61 acre tract, instituted suit against the appellees requesting among other things that a mandatory temporary injunction be granted commanding the defendants to remove from their property the trailer house thereon and that a temporary injunction be issued enjoining defendants from violating any of the subdivision restrictions and covenants or permitting any other person from doing so and that on final hearing said temporary injunction be made permanent.

After a hearing on June 10, 1974, pursuant to a show cause order, the trial court denied the plaintiff's request for a temporary injunction. It is from that order that E. Leon Phillips has perfected this appeal.

The appellant states as his only point of error: "The trial court abused its discretion in refusing to grant Plaintiff's Application for a Temporary Injunction, requiring the Defendant to remove the mobile home from the subdivision."

The defendants, Lloyd E. Zmotony and wife, Betty Cathleen Zmotony, appellees before this Court, have not filed a brief. Therefore, all statements made by the appellant's brief as to the facts are accepted as correct under Texas Rules of Civil Procedure, rule 419.

In reviewing the discretionary action of the trial court, we can reverse its decision only in those cases in which we determine that the trial court has abused its discretion or erred in the application of the law to the facts of the case. *City of Spring Valley v. Southwestern Bell Tel. Co.,* 484 S.W.2d 579 (Tex.Sup.1972); *Southland Life Ins. Co. v. Egan,* 126 Tex. 160, 86 S.W.2d 722 (1935).

In construing a restrictive covenant, the court must give effect to the words set out together with what is necessarily implied, in assessing the intentions of the parties to the covenant. *H. E. Butt Grocery Company v. Justice,* 484 S.W.2d 628 (Tex. Civ.App.—Waco 1972, writ ref'd n. r. e.). The defendants in their original answer contend that they were not violating any restrictions or covenants running with the land as the home fourteen feet wide and eighty feet long was not a trailer and that they had never intended to use it as a trailer or as a vehicle, but that they had purchased it for the purpose of putting it on their lot, affixing it to their realty to use it as a home to be permanently tied to the ground with cables, connected with a permanent sewer system and for it to become a part of the real estate.

In the case of *Bullock v. Kattner,* 502 S.W.2d 828 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.), restrictions containing substantially the same provisions as hereinabove quoted were in issue. In that case the trial court refused to grant enforcement of the restrictions. On appeal, the Austin Court reversed and remanded with instructions that an appropriate order be entered compelling compliance with the restrictions. It was held that the mobile home was a trailer within the meaning of the restrictions stating: "A trailer, *sans* wheels, placed on blocks and hooked to light and water is still a trailer . . . even though it may be a mobile home." 502 S.W.2d 829.

In the case before this Court, the intent of the restrictions are clear. The 67.61 acres of land is to be used only for residential purposes. No trailer is to be used as a residence. The mobile home is a trailer and is excluded by the restrictions.

The defendants had constructive knowledge of the existence of the restrictions in their chain of title and are bound by those restrictions. *Gulf Production Co. v. Continental Oil Co.,* 139 Tex. 183, 132 S.W.2d 553 (1939); *Smith v. Bowers,* 463 S.W.2d 222 (Tex.Civ.App.—Waco 1970, no writ). In addition thereto, the defendants had actual knowledge of the restrictions. They were warned that they were violating the restrictions, disregarded the warnings and proceeded to move the mobile home upon their land at their own peril. The right to injunction to prevent the violation of restrictions is established in the state of Texas. *Atkins v. Fine,* 508 S.W.2d 131 (Tex.Civ.App.—Austin 1974, no writ).

No affirmative defense was asserted which would be the basis for denying the issuance of the temporary injunction as requested. We therefore reverse the judgment of the trial court and remand the case to that court so that it may enter an appropriate order compelling the appellees to remove from their property the trailer house situated thereon and that the appellees be temporarily enjoined, pending a trial on the merits, from violating the restrictions and covenants or permitting any other person from doing so on appellees' said land.

Reversed and remanded with instructions.

Writ granted July 9, 1975.