Lloyd E. ZMOTONY et ux., Petitioners,

v.

E. Leon PHILLIPS et al., Respondents.

No. B–5136.

Supreme Court of Texas.

July 9, 1975.

Edward J. Wheeler, Pasadena, for petitioners.

E. Leon Phillips, Pasadena, for respondents.

PER CURIAM.

This is a suit by property owners to enforce the following restrictions originally applicable to a 67.61-acre tract in Harris County:

3. Except as herein provided, no part of said tract shall be used for anything other than residential purposes.

\* \* \* \* \* \*

6. No trailer, basement, tent, shack, garage, barn, or other out-building erected or placed on any part of said tract, shall at any time be used as a residence, nor shall any residence of a temporary character be permitted.

. . .

Defendants Lloyd E. Zmotony and wife had purchased part of the land and moved a mobile home thereon, placed it on concrete blocks, poured a slab for a patio, and made arangements to obtain water and electricity when the suit was filed. Plaintiffs sought temporary and permanent injunctions commanding defendants to remove the mobile home from the property. The trial court denied a temporary injunction, and plaintiffs appealed. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause with instructions to enter an order compelling defendants to remove the mobile home from the property and temporarily enjoining them from violating the restrictions. 525 S.W.2d 736.

The evidence discloses that another trailer home was situated across the street from the property of one plaintiff for at least three years prior to the filing of this suit. The facts have not been fully developed, and the record does not disclose the location of that trailer home with re-

spect to the 67.61-acre tract or exactly how far it was from defendants' property. Defendants did not plead waiver, but the trial judge could reasonably have concluded that the restrictions may have been waived. There is also evidence that the expense of removing defendants' mobile home will be $1,000.00, and plaintiffs made no attempt to show that they will suffer any irreparable damage if the mobile home is allowed to remain on the property pending a trial on the merits. There is a question then as to plaintiffs' right to prevail, and it does not appear that a temporary injunction is required to prevent injury to them. In these circumstances it is within the discretion of the trial judge to deny interlocutory relief. *Manning v. Wieser*, Tex.Sup., 474 S.W.2d 448. In view of the conflict between the decision of the Court of Civil Appeals in the present case and our opinion in *Manning*, the application for writ of error is granted and, without hearing oral argument, the judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed. Rule 483, Texas Rules of Civil Procedure.