**Elmer BLISS et ux., Appellants,**

v.

**Martin Coker LASSITER, Appellee.**

**No. 6571.**

Court of Civil Appeals of Texas, El Paso.

Dec. 29, 1976.

Rehearing Denied Jan. 26, 1977.

Trenchard, Davis & Hardwick, Robert Trenchard, Jr., Odessa, for appellants.

John R. Lee, Kermit, for appellee.

OPINION

OSBORN, Justice.

This is an appeal of a permanent injunction which enjoined Appellants from moving onto and maintaining a house trailer or mobile home upon a certain lot in Kermit, Texas. We reverse and render.

The Appellants purchased a lot in Memorial Park Subdivision, Kermit, Texas, next to a home owned by the Appellee. The Subdivision had restrictive covenants, one of which provided:

"No trailer, basement, tent, garage or temporary quarters shall at any time be used as a residence on any portion of said Memorial Park Addition."

The Appellants moved a 12' x 65' mobile home onto the lot they purchased. They

removed the wheels, blocked it up on a foundation, and were in the process of hooking up utilities when this dispute arose.

The Appellee filed suit alleging that a trailer had been moved into the Subdivision in violation of the restrictive covenants and alleged that this resulted in an irreparable injury. Appellee prayed that Appellants be temporarily enjoined from moving a trailer onto their lot, and that on final hearing they be permanently enjoined from such conduct.

At a hearing in February, 1976, the trial Court granted a permanent injunction which enjoined Appellants from moving onto and maintaining a trailer house or mobile home on the lot in question, and ordered a removal of the mobile home previously placed on the lot. Appellants contend that there was no evidence that their mobile home was the type of structure prohibited by the restrictive covenant, and that as a matter of law the prohibition in the covenant was not applicable.

The first Texas case to consider a similar restriction was *Crawford v. Boyd,* 453 S.W.2d 232 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.). In that case, the restrictive covenant prohibited shacks and tents and listed certain lots which were approved for trailer homes. It further provided: " 'All other lots shall be residence lots only and no trailer homes shall be permitted thereon * * *.' " The defendant, Boyd, moved a trailer house onto a lot which was not one of those which specifically permitted such units. The trial Court denied plaintiff's request for a mandatory injunction requiring the removal of the trailer house. In affirming, the Court of Civil Appeals noted that the important question for determination was the use that was actually being made of the unit at the time in question, not some possible future use. Basically, the Court followed other decisions which held that once a unit is immobilized and affixed to realty, it is not a portable structure and therefore not a trailer or mobile home.

In *Hussey v. Ray,* 462 S.W.2d 45 (Tex.Civ. App.—Tyler 1970, no writ), an injunction was sought to enjoin a party from maintaining a mobile home upon a lot in a subdivision where the restrictive covenant provided:

" 'No trailer, tent, shack, stable or barn shall be placed, erected or be permitted to remain on any lot, nor shall any structure of a temporary character be used at any time as a residence.' "

In the trial Court, a summary judgment denied the relief sought. The undisputed evidence showed that appellees moved a 12' x 52' mobile home on their lot, removed the wheels and placed it upon a permanent concrete block foundation. All utilities were connected and the structure was used as a permanent home. In holding that the restriction did not apply, the Court said:

" * * * In construing the restriction it is significant, we think, that it is contained in only one sentence. The first clause appears to exclude all 'trailer', 'tents' and 'shacks,' while the second clause excludes all temporary structures used for human habitation. In order to arrive at the true intent of the parties, both clauses must be construed together. Since the parties apparently did not intend to exclude all trailers, the question arises as to which trailers would be permissible. Thus the purpose of the restriction becomes important. To us, it appears that the primary purpose of the restriction, insofar as it relates to human habitation, was to prevent the property owner from using any temporary structure for a residence. Thus the use of a 'tent' or 'shack' would certainly be prohibited because such structures are temporary in character. The use of a 'trailer' as a place of residence would likewise be prohibited if the same was temporary in nature. In determining whether the structure in question is temporary, the size, shape, appearance and other surrounding circumstances must be taken into consideration. The mere fact that it was moved upon the lot is not necessarily a controlling factor.

* * * * * *

"Appellees' claim that their mobile home has been fully converted into a permanent residence with all the conveniences and attributes of a modern one-family dwelling, appears to have been conclusively established. The structure erected on the lot was built for human habitation, has all the attributes of a permanent type dwelling, was used as such and was fixed to the realty by various connections. * * *"

In *Bullock v. Kattner,* 502 S.W.2d 828 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.), the Appellate Court reached a different result and distinguished the above two cases because the restriction in that case prohibited the use of trailers parked either "temporarily or permanently" in the subdivision. The Court concluded that a trailer permanently bound to the earth was prohibited. We do not have such a restriction in the case now before us, and we conclude that the *Bullock* case is not controlling. Although the *Bullock* holding was followed in *Phillips v. Zmotony,* 525 S.W.2d 736 (Tex. Civ.App.—Houston [14th Dist.] 1975), that case was reversed on other grounds without a determination as to the effect of the restriction. *Zmotony v. Phillips,* 529 S.W.2d 760 (Tex.1975).

Having concluded that the facts and restriction in the *Hussey* case are almost identical with those now before this Court, we believe that case is controlling. We sustain Appellants' point of error No. 3.

The judgment of the trial Court is reversed and judgment is rendered that Appellee is denied all relief sought against Appellants.