David C. BODENMAN et ux., et al., Appellants,

v.

ALLANDALE BAPTIST CHURCH, INCORPORATED, Appellee.

No. 12880.

Court of Civil Appeals of Texas, Austin.

Dec. 6, 1978.

Rehearing Denied Jan. 10, 1979.

John McAllen Scanlan, Scanlan & Buckle, Austin, for appellants.

Doren R. Eskew, Eskew, Brady, Womack & Muir, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellants, homeowners in Allandale, a subdivision in the city of Austin, brought suit to enjoin appellee church from using lots 13 through 19 in Allandale, Section 4, for any purpose other than single-family residential.

After hearing, the trial court refused to grant a temporary injunction and we affirm this judgment.

Section 4 in Allandale is one of four sections of the entire Allandale subdivision. When subdivided, the lots therein were restricted to one-story, single-family dwelling units, except for garages and servant's quarters. The restrictions proscribe the use of any of the lots for business or commercial purposes or for carrying on any trade or profession.

Appellants' principal contention in this appeal is that the trial court erred and

abused its discretion in failing to issue a temporary injunction. We think not.

At the outset of the testimony on the hearing for temporary injunction, appellee offered a stipulation that was accepted and agreed to by appellants, that: "[A]ll of the properties involved in the controversy in Section Four have been used for various church purposes, including allowing people who attend church to park their cars on the properties which front on Nasco Drive for many years"; and "that the church does not have any completed plans for the construction of any improvements on the properties which front Nasco Drive, that no construction contracts of any sort have been sought, signed or now pending; that the properties on Nasco Drive have been used . . . for various church purposes: educational purposes, nursery, that sort of thing, but all for church purposes; and that parking has occurred—has been occurring for about two and a half hours a week on Sunday morning on some of those properties."

This case is controlled by the recent opinion of the Supreme Court in *Davis v. Huey*, 571 S.W.2d 859 (1978).

In *Huey* the Court stated that: "The appeal of an order granting or denying a temporary injunction is an appeal from an interlocutory order, which is expressly authorized by Article 4662, Texas Revised Civil Statutes Annotated. Accordingly, the merits of the underlying case are not presented for appellate review. Appellate review of an order granting or denying a temporary injunction is strictly limited to determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order." *Id.* at 861.

■ The Court further stated in *Huey* that it "will not assume that the evidence taken at a preliminary hearing will be the same as the evidence developed at a full trial on the merits,"[1] and that, at such hearing, the only question before the trial court is whether the applicant is entitled to

preservation of the status quo on the subject matter of the suit pending trial on the merits. The appellate court may not substitute its judgment for that of the trial court. An abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence. *Davis v. Huey, supra; Zmotony v. Phillips*, 529 S.W.2d 760 (Tex. 1975).

Here, as in *Huey*, no findings of fact or conclusions of law were filed; therefore, the trial court judgment must be upheld on any legal theory supported by the record.

Turning to the facts before us, appellee first began operation as a church in 1950 and has been in continuous operation ever since. The parties hereto stipulated in open court that the properties involved in the controversy in Section 4 have been used for various church purposes for many years. Faced with this stipulation, the trial court could have easily concluded that the stipulation raised the legal theory of waiver of restrictions by appellants. *Zmotony v. Phillips, supra.*

■ Consequently, the status quo at the time the suit was brought was that the lots on Nasco Drive owned by appellee had been used and were being used for church purposes for some period of time before the suit was brought.

■ We also overrule appellants' points concerning the refusal of the trial court to admit certain letters and an alleged conversation with church officials. Proof of the conversation was offered for the purpose of showing that there had been only conditional consent by a local resident to violation of restrictions on several lots not in controversy. The letters were intended to refute waiver in that they show objection by residents in early 1978. Even should the trial court have been in error in refusing to admit this testimony under Tex.R.Civ.P. 434, it was harmless error, as it was not reasonably calculated to cause the rendition of an improper judgment.

---

1. *Id.* at 9; (citing *Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co.*, 155 Tex. 407, 289 S.W.2d 217 (1956); *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (1953)).

The judgment of the trial court is in all things affirmed.

Affirmed.

SHANNON, J., not participating.