FLEMING COMPANIES, INC., et al., Appellants,

v.

Glenn DUE, et al., Appellees.

No. 09 86 011 CV.

Court of Appeals of Texas, Beaumont.

Aug. 28, 1986.

Robert E. Laplin & Gregory N. Jones, Hill, Parker, Franklin, Cardwell & Jones, Houston, for appellants.

John H. Seale, Jasper, for appellees.

## OPINION

BROOKSHIRE, Justice.

Appeal from an order granting a temporary injunction. Appellees had petitioned for a temporary injunction to restrain and to prevent the Appellants' repossession of the business premises and valuable fixtures and appliances located in Jasper. On the premises was conducted a retail grocery store. The premises had been subleased by the Appellees from the Appellants. The sublease agreement required Appellees to pay weekly rental payments.

Appellees also entered into a "Sales—Service Plan Agreement" with the Appellants. This "Plan Agreement" provided that the Appellants would provide the Appellees with groceries for sale at retail and other merchandise, mostly perishable, on a weekly basis. The Appellees agreed to pay the Appellants for the said merchandise during each following calendar week after the delivery thereof.

In March of 1985, the Appellees defaulted on weekly rental payments as well as weekly payments for merchandise. Then, the Appellants sent notices of default, as well as an additional notice of repossession of the premises. Pursuant to the Sublease Agreement of November 21, 1980, the Notice of Default was dated September 27, 1985. This first Notice of Default stated that the minimum weekly rental of $2,073.48 had not been paid and that the last such weekly rental payment that was received by Fleming Companies, Inc., was about April 4, 1985.

The Notice of Repossession of Premises was pursuant to the Sublease Agreement. The Notice of Repossession of Premises was dated November 4, 1985. Thereafter, the Appellees obtained a temporary restraining order which was, after hearing, issued as a temporary injunction.

■ The record, including the Statement of Facts, is of moderate length. After a reading of the Statement of Facts and attempting to carefully analyze the same, we decide that the Appellants have not demonstrated a clear abuse of discretion by the trial judge. The appeal of a district court order, either granting or denying a temporary injunction, is an appeal from an interlocutory order which is authorized by law. Before codification, Texas Code of Civil Practice & Remedies, *TEX.REV.CIV. STAT.ANN. art. 4662* (Vernon 1952) expressly authorized such appeal. *Article 4662* was codified as *TEX.CIV.PRAC. & REM.CODE sec. 51.014* (Vernon 1986). *Section 51.014(4)*, entitled "Appeal From Interlocutory Order", reads in part:

"(4) grants or refuses or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65."

■ The scope of this appeal is limited. Hence, the merits of the underlying cases are not within the proper scope presented for appellate review. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526 (Tex. 1975). Indeed, the judgment or order of the trial court will be upheld unless the appellate court is convinced that the order or judgment represents a clear abuse of discretion. There is no abuse of discretion if the evidence is in conflict or tends to sustain the cause of action as pleaded. *State v. Southwestern Bell Tel. Co.*, *supra*. *Oil Field Haulers Ass'n. v. Railroad Commission*, 381 S.W.2d 183 (Tex.1964).

■ The appellate court may not substitute its judgment for that of the trial court. *Texas Foundries v. International Moulders & F. Wkrs.*, 151 Tex. 239, 248 S.W.2d 460 (1952). Nor does abuse of discretion exist where the record and the evidence before the trial court is based on, and contains, conflicting evidence and testimony. *Zmotony v. Phillips*, 529 S.W.2d 760 (Tex.1975).

■ We find no Findings of Fact nor Conclusions of Law. Therefore, the trial court order must be affirmed on any legal theory that is supported by the record. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex. 1968).

■ Of course, this intermediate appellate court cannot assume that the evidence taken at a preliminary hearing will be the same as the evidence that would be developed to the trier of facts at a full trial on the ultimate merits. *Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co.* 155 Tex. 407, 289 S.W.2d 217 (1956); *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549 (1953).

■ We perceive, inter alia, that one legal theory supported by the record would be duress or overreaching or fraud against the Appellees. The district judge was in a superior position to observe and weigh the demeanor, behavior, acts, actions, and tenor of the witnesses. It was his duty to decide the credibility of the witnesses as well as to determine the weight of the evidence.

The legal theories, in the mind of the trial judge, could have been undergirded by the weak physical condition of Glenn Due. According to one thrust of the evidence, a certain employee of Fleming Companies, Inc., had left its employment and became a manager of Glenn Due. He had made unsound business decisions. After his resignation, he returned to the employ of Fleming Companies, Inc.

■ The Appellants have two remaining points of error; namely, that the Appellees failed to meet their burden of proving a substantial likelihood of prevailing on the trial of the merits of their underlying cause of action; and, that the temporary injunction order fails to particularize and specify the reasons why the temporary injunctive relief was, and is, necessary. Assiduously following the holding, reasoning and rationale of *Davis v. Huey, supra,* we conclude that the current state of decisional law is that the Appellees, here, did not have the duty of proving a substantial likelihood of prevailing on the trial of the merits.

■ It is correct that *TEX.R.CIV.P. 683* provides:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained...."

Again, we stress that there were no Findings of Fact nor Conclusions of Law requested. Nor do we find, in the record, any meaningful action on the part of Appellants to require or urge the trial court to follow *Rule 683.* Hence, we hold that the Appellant waived the relevant part of *Rule 683.* Appellant's last point of error simply does not present reversible error. It does not present a clear abuse of the trial judge's discretion. The Second and Third Points of Error are overruled.

The temporary injunction, below, is affirmed.

AFFIRMED.