TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00602-CV







Ruth Ebner, as Independent Executrix of the Estate of Emil Ebner, and


Howard Ebner and Shirley Ebner, Appellants



v.



First State Bank of Smithville, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT


NO. 22,325, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING







 Ruth Ebner (as independent executrix of the Estate of Emil Ebner), Howard Ebner,
and Shirley Ebner appeal from an order of the trial court directing the issuance of a temporary
injunction in a suit brought against the Ebners by the First State Bank of Smithville. We will
affirm the order.


THE CONTROVERSY


 In 1991 the Ebners sued First State Bank. Following trial and the return of a jury
verdict, but before judgment, the Ebners and the Bank entered into an agreement. Therein the
Bank assigned to the Ebners all causes of action the Bank might have against its liability insurance
carriers and the Ebners promised they would not attempt to collect from the Bank on a judgment
required by the agreement. (1) The agreement was conditioned as follows: (1) execution of the
agreement by all parties; (2) entry of a judgment in the cause in a form attached to the agreement
as an exhibit, awarding the Ebners judgment against the Bank in the principal sum of $1,666,112;
and (3) the Bank's payment of $200,000 to the Ebners as a credit on the judgment. The
agreement was executed by all parties save Ruth Ebner; her signature was inadvertently omitted. 
The trial judge rendered and caused the entry of a judgment conforming to the exhibit attached
to the agreement. The Bank paid the Ebners the required $200,000. Suit was brought against the
Bank's liability insurance carriers, in the names of Ruth, Howard, and Shirley Ebner, on causes
of action the Bank had assigned the Ebners in the agreement. The Ebners' litigation against the
carriers was unsuccessful.

 In 1997, Ruth Ebner procured writs of execution and garnishment against the
Bank's property in order to collect the $1,466,112 balance of the 1991 judgment described above. 
The Bank filed the present lawsuit to recover permanent and temporary injunctions against the
Ebners' attempt to collect on the judgment. After hearing, the trial court stayed action on the
writs obtained by Ruth Ebner and ordered the temporary injunction we now review, restraining
pendente lite the Ebners' efforts to collect on the 1991 judgment.


DISCUSSION AND HOLDINGS


 The parties join issue on whether the trial judge abused his discretion in granting
the Bank's application for temporary injunction. See Brooks v. Expo Chem. Co., 576 S.W.2d
369, 370 (Tex. 1979). In their first four points of error, the Ebners suggest legal grounds for
their contention that the trial judge abused his discretion. Each of the grounds assumes a premise
that the 1991 judgment was and is independent of the agreement and enforceable as if the
agreement had never been made. (2) The Bank rejoins that the judgment was a contractual judgment
resting on the agreement that bound Ruth as well as Howard and Shirley Ebner. In a fifth point
of error the Ebners raise equitable reasons why the injunction resulted from an abuse of
discretion. (3) The Bank argues to the contrary. We overrule all points of error for the reasons that
follow.

 In cases like the present, issuance of a temporary injunction depends upon the
Bank's showing (1) a probable and irreparable injury and (2) a probable right to recover after final
hearing on the merits. Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (West 1997); Transport Co.
of Tex. v. Robertson Transp., 261 S.W.2d 549, 552 (Tex. 1953). Concerning the prerequisite of
"probable and irreparable injury," the trial court found the Ebners' attempts to recover the
$1,466,112 balance of the judgment cast a cloud on the Bank's financial integrity and if the
Ebners obtained the money it might be dissipated pendente lite. See Walling v. Metcalfe, 863
S.W.2d 56, 58 (Tex. 1993); Sun Oil v. Whitaker, 424 S.W.2d 216, 218 (Tex. 1968). More
importantly, perhaps, where a forced sale would deprive a debtor of his title and possession of
property, any legal remedy is inadequate as a matter of law. Sumner v. Crawford, 41 S.W. 994,
995 (Tex. 1897). We therefore overrule the Ebners' point of error insofar as they attack the
element of probable and irreparable injury. There remains the issue of whether the trial judge
abused his discretion in determining the Bank had shown a "probable right to recover" after final
hearing. As we have said before, this issue "invokes a mosaic of considerations." Anderson
Oaks (Phase I) Ltd. Partnership v. Anderson Mill Oaks, Ltd., 734 S.W.2d 42, 44 (Tex.
App.--Austin 1987, no writ).

 The Ebners contend the agreement is not binding on them because Ruth Ebner did
not sign it and it was expressly conditioned upon its execution by all parties. It appears
undisputed, however, that a hearing was held before the judge rendered the 1991 judgment on the
basis of the agreement and the judgment he signed is in the form attached to the parties' agreement
as an exhibit. At the hearing, the lawyers for all parties, including Ruth Ebner, submitted the
judgment to the judge as part of their agreement. They did not, however, dictate the agreement
into the record. Nor did they file the agreement with the papers in the cause until the present
litigation. The Bank has alleged and argues various grounds for binding Ruth Ebner to the terms
of the agreement even though she did not sign it: the actual and apparent authority of her
attorneys, ratification, waiver, and estoppel. The Ebners resist the argument on the basis of Rule
11 of the Texas Rules of Civil Procedure.

 It appears from the record that the Ebners claim an unqualified right to collect on
a final judgment that resulted solely from an agreement they contend was legally ineffective for
want of Ruth Ebner's signature. The claim contradicts itself. She cannot have the judgment
without the agreement because a judgment based on agreement, as this one was, is void as to a
party who does not consent at the time judgment is rendered. (4) S & A Restaurant Corp. v. Leal,
892 S.W.2d 855, 857 (Tex. 1995); Samples Exterminators v. Samples, 640 S.W.2d 873, 875
(Tex. 1982). And, of course, a void judgment is subject to collateral attack. See Gus M. Hodges,
Collateral Attacks on Judgments, 41 Tex. L. Rev. 163, 194-96 (1962).

 Nothing in the record indicates the Ebners will sustain injury absent immediate
enforcement of the 1991 judgment, a judgment they did not attempt to collect on for six years
after its rendition and entry. The parties' respective interests are entirely different. The Bank
stands to lose its property if the status quo is not maintained; the Ebners will suffer only a slight
additional delay in the enforcement of their legal right to collect on the judgment, if the right is
found to exist at all. See Zmotony v. Phillips, 529 S.W.2d 760, 763 (Tex. 1975). We believe a
balancing of equities in these circumstances supports the trial-court order. Id.


 The merits of the case were not before the trial court for decision. The pertinent
evidence has not been fully developed. The record shows at minimum, however, the existence
of a bona fide issue as to the Bank's right to ultimate relief in the form of a permanent injunction;
that is to say, parts of the record tend to support a right of recovery in the Bank. No more than
a showing of that character is required. See Shannon, Herring, and Dow, Temporary Restraining
Orders and Temporary Injunctions in Texas--A Ten Year Survey, 1975-1985, 17 St. Mary's L.J.
689, 717-18 (1986); 6 Lowe, Remedies § 153, at 188 (Tex. Prac. 2d ed. 1973). We refer, for
example, to the undisputed facts that First State Bank paid the Ebners $200,000 as required by
the agreement and a lawsuit was prosecuted in the Ebners' name on causes of action the Bank
assigned to them pursuant to the agreement; and we refer to the contradiction inherent in the
Ebners' position that they may enforce the judgment required by the agreement without being
bound by the agreement.

 Finally, the trial court's determination as to the Bank's "probable right to recover
after final hearing on the merits" is supported here by the doctrine that a temporary injunction
may be necessary "simply because important legal rights ought not be determined until they can
be determined accurately." Anderson Oaks (Phase I), 734 S.W.2d at 45; see Storey v. Central
Hide & Rendering Co., 226 S.W.2d 615, 619 (Tex. 1950).

 We believe the remainder of the Ebners' arguments are meritless or refer only to
harmless error. We hold accordingly.


 We affirm the trial-court order.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: March 12, 1998

Do Not Publish

1. The agreement is entitled "Assignment." The Bank's liability insurance carrier had
declined to defend the Bank in the Ebner's 1991 lawsuit against the Bank.
2. The Ebners' four points of error are as follows: (1) "The temporary injunction is an
abuse of the court's discretion because it interferes with a valid judgment"; (2) "The temporary
injunction is an abuse of the court's discretion because the assignment in no way reduces [Ruth
Ebner's] right to collect on her judgment"; (3) "No valid contract exists between the Bank and
[Ruth Ebner]"; (4) "Equitable principles are no bar to [Ruth Ebner's] collection of her judgment." 
Howard and Shirley adopt in their brief Ruth Ebner's argument under (1). In addition, they
contend in their point of error one that First State Bank made no showing that they personally
threatened collection of the judgment.
3. In point of error five, Ruth Ebner argues the trial judge abused his discretion because:
laches and lack of due diligence bar the temporary injunction; the order enjoins the wrong parties
and is moot as to Ruth Ebner; the order ignores the exclusive remedy for challenging writs of
garnishment; and First State failed to show irreparable harm and no adequate remedy at law.
4. We do not purport to decide whether Howard and Shirley Ebner were bound by the
agreement even though Ruth Ebner did not sign it. See H. Tebbs, Inc. v. Silver Eagle Distribs.,
Inc., 797 S.W.2d 80, 83 (Tex. App.--Austin 1990, no writ).


 injury absent immediate
enforcement of the 1991 judgment, a judgment they did not attempt to collect on for six years
after its rendition and entry. The parties' respective interests are entirely different. The Bank
stands to lose its property if the status quo is not maintained; the Ebners will suffer only a slight
additional delay in the enforcement of their legal right to collect on the judgment, if the right is
found to exist at all. See Zmotony v. Phillips, 529 S.W.2d 760, 763 (Tex. 1975). We believe a
balancing of equities in these circumstances supports the trial-court order. Id.


 The merits of the case were not b