No. 04-98-00500-CV



Felix GALLEGO and Johnny GUERRA,


Appellants



v.



IKON DOCUMENTS SERVICES, A Division of IKON Office Solutions, Inc.,


Appellee



From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 98-CI-03188


Honorable Charles W. Barrow, Judge Presiding(1)



Opinion by: Catherine Stone, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: November 12, 1998


AFFIRMED


 Felix Gallego and Johnny Guerra appeal from a temporary injunction enjoining them from
hiring or attempting to hire IKON employees. For the reasons stated herein, we affirm the order.


Factual Background


 Felix Gallego and Johnny Guerra are both former employees of IKON Document Services,
a Division of IKON Office Solutions, Inc. (hereinafter "IKON"), a provider of business and legal
document services. Gallego began his employment in the document services industry in 1989 with
Nightrider Overnight Copy Service, a Division of ALCO Standard Corporation (hereinafter
"Nightrider"). He left Nightrider briefly in 1996 to work for a competitor before returning to
Nightrider that same year. Guerra joined Nightrider in 1992. Both men entered into similar
employment agreements with Nightrider defining the terms and conditions of their employment.

 The relevant terms and conditions are as follows: The employment agreements provided for
an initial six month employment term, with successive one month terms to follow. During the
successive terms, Nightrider could terminate employment at any time with either two weeks' notice
of termination or two-weeks' wages to the employee. Nightrider agreed to provide special training
to the employee as necessary, and/or to disclose confidential information and trade secrets to the
employee as necessary. In exchange, Gallego and Guerra agreed not to compete with IKON for a
limited period of time following their separation from the company. The men also agreed, both
during their employment and for one year thereafter, not to recruit or otherwise encourage Nightrider
employees to join a competitor company. The agreement also required the employees to comply
with company policy to the extent that company policy was not inconsistent with the employment
agreement; the employment agreement would control in the event of conflicting provisions. Each
agreement stipulated that it was subject to change, modification, or abandonment, in whole or in
part, by a written instrument signed by all parties to the agreement. Each agreement further provided
that, in the event of a change of ownership, it would remain in full force and effect until the
successor employer gave written notification to the employee of its intent to cancel the agreement.

 In the spring of 1997, Nightrider ceased doing business as Nightrider. It merged with two
other entities, and began doing business under the name IKON. In December 1997, IKON
distributed "Reference Guides," employee handbooks, to all its employees. Included in each
handbook was a standard acknowledgment form which Gallego and Guerra both signed upon receipt
of the handbook. The form, among other things, instructs that the handbook is not a contract of
employment, and, in two separate sentences, states that employment is terminable "at will."

 In 1998, Gallego and Guerra left IKON to work for Techrite Services, a direct competitor of
IKON. IKON demanded that Gallego and Guerra comply with both the non-compete and non-solicitation clauses in their employment agreements. Gallego and Guerra filed a declaratory action,
seeking a determination that their prior agreements were no longer enforceable. In general, Gallego
and Guerra maintained that their employment agreements were repudiated by the 1997 Reference
Guide Acknowledgment Form. IKON counterclaimed, alleging Gallego and Guerra had breached
their employment agreements, and sought declaratory and injunctive relief to enjoin them from
acting in derogation of both the non-compete and non-solicitation clauses. The trial court entered
a temporary injunction enjoining Gallego and Guerra from hiring or employing, or attempting to hire
or employ IKON employees. Relief regarding the non-compete was denied.

Standard of Review


 The purpose of a temporary injunction is to preserve the status quo pending trial on the
merits. Matlock v. Data Processing Security, Inc., 618 S.W.2d 327, 328 (Tex. 1981). The applicant
satisfies this burden by demonstrating a probable right of recovery and that probable harm will occur
if the injunction is not granted; the applicant need not establish that he will prevail on the merits.
Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993). On appeal, our review is limited to
determining whether the trial court clearly abused its discretion in granting the temporary injunction.
City of San Antonio v. Rankin, 905 S.W.2d 427, 430 (Tex. App.--San Antonio 1995, no writ). An
abuse of discretion lies if the trial court misapplies the law to the established facts or when the
evidence does not reasonably support the conclusion that the applicant has a probable right of
recovery. Id. All legitimate inferences from the evidence are drawn in favor of the trial court's
judgment, and the trial court does not abuse its discretion where the evidence "tends to sustain the
cause of action as alleged." Id. Absent findings of fact and conclusions of law, affirmance of the
trial court's order is proper on any legal theory supported by the record. Fleming Cos., Inc. v. Due,
715 S.W.2d 855, 856 (Tex. App.--Beaumont 1986, no writ).

"Agreed" Order


 At the outset, IKON urges this court to summarily reject Gallego and Guerra's contention
that the trial court abused its discretion by enjoining them from soliciting and/or hiring IKON
employees when they have unequivocally agreed to voluntarily refrain from such conduct.
Specifically, IKON points to Gallego's testimony from the hearing wherein he indicated he was
agreeable to not hiring any IKON employees for one year, and to Gallego and Guerra's joint
admission that they will act in accordance with the non-solicitation clause. IKON further asserts that
even if Gallego and Guerra's testimony and admission do not conclusively bar their attack upon the
trial court's order, Gallego's testimony precludes an argument that the trial court abused its
discretion in preserving the status quo. We agree, finding that Gallego and Guerra's representations
are fatal to their appeal.

 The relevant excerpt of Gallego's testimony from the temporary injunction hearing is as
follows:

 Q: But you do admit that you have actually offered jobs to some IKON employees
that have accepted them?


 A: I have not offered jobs. Jobs were discussed when they found out that we were
leaving. When we resigned, people were coming and asking, wanting to know where
we were going. For example, George Ibarra, he wanted to know if -- he wanted to
go right away with us and we said there was no room for him. I have not offered --
discussions have taken place, but they weren't my attempts, they weren't my
solicitations or anything. I did not do that. They --


 Q: But jobs were -- but people were actually hired, though, that worked at IKON,
are now working at Techrite?


 A: Yes, sir.


 Q: And unless the Court enjoins you, you intend to continue to hire IKON employees
during the next twelve months if you have a vacancy and they're qualified?


 A: No, sir, that's incorrect.


 Q: You've decided not to hire any now?


 A: Yes. I attempted to make that change, because I did not understand that question
before and I wanted to answer that as no.


 Q: Okay. So you're agreeable to not hiring any IKON employees in San Antonio
for a year? You're agreeable to that?


 A: Sure. I agree with that, yes, sir.


 As noted, IKON sought injunctive relief to prevent Gallego and Guerra from both soliciting
its customers, and soliciting or encouraging IKON employees from leaving IKON to work for
Techrite, Gallego and Guerra's new employer. On its face, Gallego's testimony indicates his
willingness to agree to refrain from part of the relief which IKON sought, and importantly, the only
relief the trial court granted in IKON's favor. In that regard, we find that this concession supports
the trial court's ruling, see Fleming Cos., Inc., 715 S.W.2d at 856, and we are unable to conclude that
the trial court acted unreasonably or arbitrarily in temporarily enjoining Gallego from doing that
which he agreed he would do.

 Notably, Guerra did not testify in a similar manner at the temporary injunction hearing;
however, that omission was rendered immaterial by Gallego and Guerra's joint representation to this
court that they "have no plans [to solicit or recruit any IKON employees], and have agreed
voluntarily not to hire any former IKON employees for a period of one year after the date of their
termination, in accordance with the provision of the anti-recruiting provision." This representation
is particularly damaging to Gallego and Guerra's argument that the trial court abused its discretion
in temporarily enjoining them from hiring IKON employees when they have affirmatively stated
their agreement with this order. This representation highlights an inconsistency in Gallego and
Guerra's position in this court. That is, they are agreeing to abide by the very agreement which they
contend is unenforceable. Because Gallego and Guerra have affirmatively represented to this court
that they have voluntarily agreed to the temporary injunctive relief entered by the trial court, we will
not disturb the temporary injunction. Accordingly, the trial court's order is affirmed.


 Catherine Stone, Justice

DO NOT PUBLISH

1. The Honorable Andy Mireles presided over the temporary injunction hearing, and the Honorable Charles W.
Barrow signed the order granting the temporary injunctive relief.


Return to
4th Court of Appeals Opinions