In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00130-CV
______________________________


AARDAN LEASING CORPORATION, FIRST FLORIDA
LEASING CORPORATION, JOEL MALLIN, SCOTT C. DUNN,
ROLAND HENNESSEY, PATTON CORRIGAN, 
and JOEL KLEIN, Appellants
 
V.
 
PEOPLES NATIONAL BANK, N.A.,
AND PEOPLES ASSET MANAGEMENT, INC., Appellees


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 67705


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Appellants have filed their unopposed motion to dismiss appeal based on their
settlement with Appellees. The Texas Rules of Appellate Procedure authorize this Court
to dismiss an appeal on the filing of a proper motion by an appellant. See Tex. R. App. P.
42.1(a). We therefore grant Appellants' motion to dismiss the appeal.
          We dismiss the appeal.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      April 12, 2004
Date Decided:         April 13, 2004




"> In construing a restrictive covenant, the court's primary task is to determine the intent of those
who framed the covenants. Wilmoth v. Wilcox, 734 S.W.2d 656, 658 (Tex. 1987). A reviewing
court should draw all legitimate inferences in favor of the trial court's judgment, Community State
Bank v. New Investment, L.L.C., 38 S.W.3d 256, 258 (Tex. App.--Texarkana 2001, writ dism'd
w.o.j.), and should affirm the judgment on any legal theory supported by the evidence. Lassiter v.
Bliss, 559 S.W.2d 353, 358 (Tex. 1977), overruled on other grounds by Cherne Indus., Inc. v.
Magaallanes, 763 S.W.2d 768 (Tex. 1989); Cmty. State Bank v. New Investment, 38 S.W.3d at 258.

 We find that the trial court did not abuse its discretion in denying the plea for a temporary
injunction. There is ample evidence from which the trial court could have reasonably concluded that
the parties who framed the restrictive covenants did not intend for them to prohibit the construction
or use of a general access road on the strip of land purchased by the Patels from the Powells, and that
the construction and use of the road on that land would not constitute the "construction or operation"
of a hotel or motel. The road is not a private, exclusive access road to the hotel, but will provide
access, not only to the Patels' hotel tract, but also to the Powells' land and to the general public. 
Unlike the situation involved in Highlands Management Co. v. First Interstate Bank of Texas, N.A.,
956 S.W.2d 749 (Tex. App.--Houston [14th Dist.] 1997, writ denied), on which Desai relies, the
road in question will not be a driveway or parking area for a hotel. Nor will the road involved here
be an integral or indispensable part of the operation of the hotel, since there are other areas of access
to the hotel tract. Additionally, there is testimony that Mr. Powell, who adopted the restrictions, told
Rajesh Patel that he was free to build a road on the strip of land in question, but not a hotel or motel. 
Of course, there is conflicting testimony in some respects as to the intent and meaning of the
restrictions, but the trial court in a temporary injunction hearing does not abuse its discretion when
it bases its decision on conflicting evidence. Davis v. Huey, 571 S.W.2d 859 (Tex. 1978); Zmotony
v. Phillips, 529 S.W.2d 760 (Tex. 1975).

 The Patels argue that Desai failed to prove the existence and nature of the restrictive
covenants because it never introduced the written instrument containing the restrictions in evidence
at the hearing. However, it appears there was sufficient oral testimony about the wording and nature
of the restrictions that, in the absence of a "best evidence" objection, adequately proved the
restrictions. Assuming that the restrictions were adequately proven, there is sufficient evidence to
support the trial court's conclusion that the Patels' acts in building and using the road in question here
do not violate the restrictive covenants, and therefore Desai failed to prove it was probably entitled
to the relief sought.

 For the reasons stated, we affirm the judgment of the trial court.


 


 William J. Cornelius

 Justice*


*Chief Justice, Retired, Sitting by Assignment


Date Submitted: June 6, 2007

Date Decided: July 19, 2007