**BELLOWS–MacLAY CONST. CO. v. MacLAY et al.**

No. 12066.

Court of Civil Appeals of Texas. Dallas.

Oct. 31, 1936.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellant.

Leake, Henry & Young, of Dallas, for appellees.

BOND, Justice.

This is an appeal from an order of the court below refusing a temporary injunction sought by plaintiff (appellant herein) against the defendants (appellees herein), to ·preserve in statu quo property in con-troversy pending a hearing on the merits and final judgment.

The action of the court in refusing the injunction was based on the ground that plaintiff's petition was insufficient to au-thorize in advance of trial the issuance of such restraining order. In effect, the order shows that the court sustained a general demurrer to the petition, and, plaintiff de-clining to amend, refused the relief sought.

On this appeal, we are governed alone by the allegations in the petition, no testimony having been introduced, and, for the purpose here, we must assume that the material facts alleged are true, and, if suffi-cient to entitle appellant to the preservation of the property as it then existed, the de-murrer should not have been sustained; and, on hearing of the petition, in the ab-sence of material testimony to the con-trary, the injunction should be granted.

Plaintiff alleged, in effect, that the de-fendant W. H. MacLay was indebted to it in the sum of $11,211.87, evidenced by two notes, one in the sum of $6,544.96, and the other in the sum of $1,705.43, with interest and attorney fees, and that said notes and indebtedness were past due and unpaid; that, on August 31, 1932, the defendants, W. H. MacLay and W. S. Bellows, being respectively the owners of a majority of the stock of the Bellows-MacLay Com-pany, a corporation, made and entered into a written contract, whereby MacLay exe-cuted a deed of trust upon certain lands in Hidalgo county, Tex., to Walter William-son and A. A. Greer, to secure them in the payment of certain mortgage bonds of the Grayson Hotel Company, the payment of which plaintiff had theretofore guaran-teed; and, that in the event of foreclosure of the deed of trust and the lands are thereby lost to said defendant MacLay, then Williamson and Greer were to deliver the bonds to MacLay. The bonds are shown to have been the property of plain-tiff, and the lands in Hidalgo county the property of the defendant MacLay. A true and correct copy of the contract is shown to be attached to the petition, marked for identification, and made a part thereof for all purposes. The contract pro-vides, viz.:

"Whereas W. H. MacLay is executing and delivering a deed of trust on a tract of land owned by him individually in the County of Hidalgo, State of Texas, being lot No. 134, containing 26.43 acres more or less, the said deed of trust executed by the

said W. H. MacLay on the said property being for the purpose of securing the payment of certain second mortgage bonds due on the 1st day of June, 1935, and executed by the Grayson Hotel Company, said bonds being Nos. A–1 to A–10 inclusive in the principal amount of $1000.00 each, held by Walter Williamson and Nos. A–11 to A–15 inclusive in the principal amount of $1000.-00 each held by A. A. Greer the Bellows-MacLay Construction Company having guaranteed to the holders of said bonds the payment thereof, and the said deed of trust given by W. H. MacLay on his said individual property being given as security for and to protect the said guaranty of the said Bellows-MacLay Construction Company.

"It is covenanted and agreed by and between the parties hereto that if the said property of W. H. MacLay conveyed by the said deed of trust should be appropriated under the said deed of trust to the indebtedness secured by the said deed of trust or any part thereof, and the said property lost to the said W. H. MacLay on account of the said deed of trust, that the said Bellows-MacLay Construction Company, shall be due to reimburse and shall reimburse and pay to the said W. H. MacLay at Dallas, Texas, such amount, of money as shall be the equal or equivalent of the unpaid balance due on said bonds at the time the said property of the said W. H. MacLay was appropriated under the terms of the said deed of trust, and the rights of the said W. H. MacLay in and to the said property become divested out of him by foreclosure or otherwise under the terms of the said deed of trust.

"It is mutually understood and agreed that the amount herein stated of the indebtedness which may become due under the terms of this contract to W. H. MacLay on account of the matters involved in this contract shall be subject to a deduction of any amount, if any, which the said W. H. MacLay may be at the time indebted to the Bellows-MacLay Construction Company."

Plaintiff further alleged that it has a lien upon the bonds mentioned in the contract to secure the payment of the above past-due notes and indebtedness; that, notwithstanding the lands mortgaged were lost to said defendant MacLay by the foreclosure, and, by virtue thereof, Williamson and Greer were obligated to deliver the bonds to the defendant MacLay, nevertheless, the bonds were subject to plaintiff's said indebtedness; and that said defendant is insolvent, and, if the bonds are delivered by said Williamson and Greer to said defendant, plaintiff could not collect its debt and would probably lose same, for which it has no adequate remedy at law.

The rule often announced by this court and by other courts of this state is, that an interlocutory injunction is a provisional remedy, having for its sole object the preservation of the subject-matter in controversy in its then existing condition until a final decree to avoid injury to or endanger the rights of the parties to the suit. Plaintiff's alleged rights in the bonds are grounded on the contract, seeking to subject them to the payment of the indebtedness alleged and, if delivered to the defendant MacLay, evidently will be materially injured or its rights therein endangered before a final decree can be entered by the court; on the other hand, if the bonds are required by injunction to remain in the hands of the disinterested parties, Williamson and Greer, no harm or prejudice would probably result to the defendant.

It is safe to say that, where the granting or refusing of a temporary injunction will or may result in a material injury to or endanger the rights of one of the parties to a suit and slight or no harm will likely result to the other party, it is the duty of a court to lend aid to the one where the greater injury or damage would likely result. Thus, when it is made to appear that there is a substantial controversy between parties to a suit and that one of the parties will be injured as a result of a refusal of the court to preserve the property in controversy in statu quo, and the other party will not likely be injured by such action, the court to whom the petition is directed should not refuse the provisional remedy allowed by law, pending a final trial and judgment.

We think, in this case, that plaintiff's petition sufficiently alleges a cause of action, which, if sustained by proof on final trial, would establish a contractual lien on the bonds in controversy; and that defendant MacLay, being insolvent, the delivery of the bonds by Williamson and Greer, in derogation of the provision of the contract that any indebtedness which MacLay owed to the plaintiff should be first deducted from the bonds, would, we think, cause material injury to the plaintiff, for which

it has no adequate remedy at law; and, furthermore, such an injunction would not injure the defendant; therefore, we conclude that the trial court erred in sustaining the general demurrer to the petition; and, if, on the hearing, proof is offered to sustain the allegations, a temporary injunction should be granted.

The judgment of the court below is reversed, and the cause remanded for a hearing on the averments of the petition.