Keith L. MERRICK, Appellant,

v.

EVERGREEN HELICOPTERS, INC., Appellee.

No. 2461cv.

Court of Appeals of Texas, Corpus Christi.

April 14, 1983.

Rehearing Denied May 5, 1983.

Keith L. Merrick, Port Lavaca, for appellant.

R.D. Cullen, Cullen, Carnser, Seerden & Williams, Victoria, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

Keith L. Merrick brought this suit to enjoin Evergreen Helicopters from operating a heliport on land adjacent to a tract of Calhoun County land which he owns. He alleged that the noise and dust produced by the movement of the helicopters was a nuisance which would interfere with his plans to develop his land for residential purposes. In the alternative, he requested damages. The jury found that a nuisance did exist and that there was no diminution in the market value of Mr. Merrick's land due to the operation of the helicopter business. From a judgment denying his request for injunctive relief, Mr. Merrick brings this appeal. We affirm.

The appellant argues that a finding of nuisance by the jury required the judge to issue an injunction. He acknowledges that trial courts may, upon reviewing all the facts before them, refuse to enjoin an activity found by the jury to be a nuisance. The courts are authorized to refuse injunctive relief if they find that the injury to the plaintiff by a continuance of the nuisance is slight in comparison to the injury to the public and the defendant by enjoining it. *Storey v. Central Hide & Rendering Co.,* 148 Tex. 509, 226 S.W.2d 615, 618–19 (Tex. 1950). This weighing of the parties' and the public's interest is termed "balancing the equities."

Mr. Merrick now claims that the trial court should not have balanced the equities, because Evergreen did not request a balancing of the equities in its pleadings. Evergreen answered with a general denial and only mentioned balancing the equities in its motion for judgment notwithstanding the verdict. As the appellee points out, balancing the equities is not among the affirmative defenses listed in Rule 94, Tex. R.Civ.P. We have found no cases which require that the defendant plead balancing the equities before the court may do so. In fact, by holding that there is no automatic right to an injunction upon a finding of nuisance, *Storey* seems to require trial judges to balance the equities in every injunction case which comes before them. This duty follows from the nature of an equity action. Although the jury determines ultimate issues of fact, it does not decide the expediency, necessity or propriety of equitable relief. *State v. Texas Pet Foods, Inc.,* 591 S.W.2d 800, 803 (Tex.1980). Whether to grant an injunction is always resolved by the judge as an exercise of his chancery powers. We do not believe that it is necessary for the defendant to request the trial court to consider the propriety of issuing an injunction.

Next, we turn to the appellant's argument that Evergreen presented no evidence to justify a ruling in its favor. He correctly states that Evergreen presented no witnesses. There is evidence in the record, however, which supports the judgment. The testimony shows that Evergreen was operating a legitimate business, which consisted primarily of transporting people to offshore oil rigs. It employed several pilots and spent money to improve its property in order to accommodate the helicopters. The record shows that there were two other heliports, an airport and a noisy boat channel in the vicinity. Also, the appellee's activities were not bothering anyone residing on the appellant's property, since no one was living there at the time nor was there any physical damage to the appellant's property. Based on this evidence, the trial court could have concluded that issuing the injunction would have worked a much greater hardship on Evergreen and its employees than the injury which Mr. Merrick

would have to endure if the injunction were denied. We, therefore, find no abuse of discretion in the trial court's denial of injunctive relief.

The judgment of the trial court is affirmed.