**ANDERSON OAKS (PHASE I) LIMITED PARTNERSHIP and Anderson Oaks (Phase II) Limited Partnership, Appellants,**

v.

**ANDERSON MILL OAKS, LTD., Anderson Mill Oaks, Ltd., Phase II, and Stanley P. Smith, Appellees.**

No. 3–86–039–CV.

Court of Appeals of Texas, Austin.

May 20, 1987.

Rehearing Denied Aug. 12, 1987.

Eric G. Olsen—Jones, Day, Reavis & Pogue, Austin, for appellants.

Robert B. Neblett III, W. Gary Fowler—Small, Craig & Werkenthin, Austin, for appellees.

Before POWERS, GAMMAGE and CARROLL, JJ.

POWERS, Justice.

Plaintiffs Anderson Oaks (Phase I) Limited Partnership and Anderson Oaks (Phase II) Limited Partnership sued the following defendants alleging a common-law action for breach of contract and a statutory cause of action under Tex.Bus. & Com. Code Ann. § 17.50(b)(1) (Supp.1987): Anderson Mill Oaks, Ltd. and Anderson Mill Oaks, Ltd., Phase II, each a limited partnership, and Stanley P. Smith, a natural person and the general partner of each such limited partnership. Ancillary to the plaintiffs' cause of action, they applied for a temporary injunction which the trial court denied after hearing. From that order, plaintiffs have taken this interlocutory appeal. Tex.Civ.Prac. & Rem.Code Ann. § 51.014 (1986). We will reverse the order of the trial court and remand the cause to that court with instructions as given hereafter.

### THE CONTROVERSY

The temporary injunction requested by plaintiffs would have enjoined the trustee's sale of two apartment complexes owned by plaintiffs, a sale contemplated to be exercised by the trustee under a power of sale

granted him in a deed of trust given by plaintiffs. The occasion for plaintiffs' request arose as follows.

In 1984, plaintiffs purchased from defendants the two apartment complexes. Part of the consideration was paid by the plaintiffs' execution and delivery of a $500,000 promissory note payable to defendants on August 31, 1985. At the time plaintiffs filed the present suit, on April 28, 1986, the unpaid balance was approximately $300,000 together with interest. Defendants held and owned the note at the time suit was filed.

Sometime after their purchase of the property, plaintiffs discovered defects in the construction of the two apartment complexes. Based upon representations, covenants, and warranties contained in the purchase contract, plaintiffs called upon defendants to remedy the defects. Defendants undertook to do so and the parties presently dispute whether the remedial work was sufficient and whether all of it was in fact done.

The plaintiffs' promissory note matured August 31, 1985. Although the record is not entirely clear, there is some evidence that there was one extension of the maturity date until March 1986. Plaintiffs did not pay the note in March, either because they were unable to do so or because they were unwilling in view of their belief that the defendants owed them a greater sum on their contract obligation to remedy the construction defects. In either case, when plaintiffs failed to pay the note in March, defendants requested that the trustee exercise his power of sale under the deed of trust. Immediately on receiving notice thereof, plaintiffs filed the present suit alleging a cause of action for breach of contract and a deceptive-trade practice action under Tex.Bus. & Com.Code § 17.-50(b)(1), both founded upon the construction defects.

Ancillary to the suit, plaintiffs applied to the trial court for a temporary injunction restraining the trustee's sale pending a trial on the merits. Following a hearing in that regard, the trial court denied the application and plaintiffs took their interlocutory appeal to this Court. We have previously issued a temporary injunction in order to preserve our jurisdiction, restraining the trustee's sale pending appellate review.

## HOLDINGS AND DISCUSSION

The controversy arises between the original parties to the purchase and sale of the apartment complexes. They join issue on whether the trial court abused its discretion in denying the application for temporary injunction. *Brooks v. Expo Chemical Co.*, 576 S.W.2d 369 (Tex.1979); *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517 (1961).

The governing principles are familiar. The purpose of the requested injunction is ancillary. A temporary injunction pending trial on the merits "may be and usually is issued in connection with *any* species of litigation where it is *necessary* to preserve the status quo pending a final adjudication of the rights of the parties." *Turcotte v. Alice National Bank*, 402 S.W.2d 894, 896 (Tex.1966) (emphasis added). In cases like the present, the writ depends upon the applicant's showing (1) a probable and irreparable injury and (2) a probable right to recover after final hearing on the merits. Tex.Civ.Prac. & Rem.Code Ann. § 65.011 (1986); *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953).

The record does not include any findings of fact and conclusions of law demonstrating the basis of the trial court's decision on plaintiffs' application. We therefore assume the court determined adversely to plaintiffs both prerequisites to the issuance of a temporary injunction. Concerning the prerequisite of showing probable and irreparable injury, we believe there was no basis upon which that matter could have been determined adversely to plaintiffs. It is undisputed that they presently have title and possession of the property in question. Similarly, it is undisputed that the trustee's sale would deprive them of both. In these circumstances, any legal remedy is inadequate as a matter of law. *Sumner v. Crawford*, 91 Tex. 129, 41 S.W.

994 (1897). There remains then the more difficult question of whether the trial court abused its discretion when it presumably determined that plaintiffs had not shown a probable right to recover after final hearing. This consideration invokes a mosaic of considerations.

■ The evidence adduced at the hearing on temporary injunction is in serious conflict concerning the nature and extent of the construction defects upon which plaintiffs base their claim for money damages. While there may be some dispute about the rules of law that would make defendants liable for such damages, the case depends in the main upon a resolution of the controverted issues of fact. This is *not*, therefore, a case where "abuse of discretion" depends upon whether the trial court erred in the rule of law it applied to *undisputed* facts. *See e.g.*, *Camp v. Shannon, supra;* Note, *Criteria for Granting a Temporary Injunction When Only Questions of Law are Presented*, 40 Tex.L.Rev. 409 (1962); *Southland Life Ins. Co. v. Egan*, 126 Tex. 160, 86 S.W.2d 722 (1935); The probabilities concerning plaintiffs' right to recover issue almost entirely from where the truth is finally found to lie in the parties' dispute about the nature and extent of the construction defects.[1] The suit is preeminently a contest about adjudicative facts. Whether the trial court abused its discretion must be ascertained in this context.

It has been said that "[a]n abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence."

*Davis v. Huey, supra,* at 682. This simplistic statement is less than helpful if one purports to use it as a decisional norm or standard in a particular case. It does *not* determine, standing alone, the issue of "abuse of discretion." For example, the very fact that there *exists* a good faith and serious dispute in the evidence, concerning the material adjudicative facts, might dictate that the status quo should be preserved by *issuance* of the temporary injunction, so that there may be an orderly development and resolution of the parties' dispute about those facts. *Southwest Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417 (1959). On the other hand, the evidentiary conflict may be superseded by equitable principles which dictate *denial* of the temporary injunction in order that the status quo might be preserved until the adjudicative facts can be determined in the trial on the merits. *Zmotony v. Phillips*, 529 S.W.2d 760 (Tex. 1975). Thus, it is not determinative in the present case that the trial court denied the temporary injunction "on conflicting evidence." Whether the court abused its discretion must be determined with regard to the *entire context*, including the fact that the trial court had before it a good-faith dispute about the nature and extent of the construction defects alleged by plaintiffs.

Included in that context are the principles of equity (balanced where need be), the nature of the parties' respective interests, the necessity for protecting such in-

---

1. The expression "probable right to recover" is a term of art. In the present context, it does *not* imply that the applicant for temporary injunction must offer evidence and persuade the judge to find therefrom the adjudicative facts necessary for the applicant to prevail on the merits, based on probabilities. The judge does *not*, in such instances, find the truth and apply the law based upon probabilities. The hearing on temporary injunction does *not* constitute a *mini* trial, in advance, wherein the judge predicts the applicant's chances of success at the real trial, based upon the judge's estimate of where the truth probably lies concerning the adjudicative facts and the law made applicable thereto by the pleadings in the case.

Instead, concerning both the facts and the law, the applicant need only show "that a bona fide issue exists as to his right to ultimate relief." 6

Lowe, Remedies § 153, at 188 (Texas Practice 2d ed. 1973). Or, as stated at greater length:
The requirement of demonstrating probable right or the likelihood of prevailing on the merits does not require a demonstration that "the applicant will finally prevail in the litigation," but does require evidence that "at the very least, [will] *tend to support* a right of recovery." In deciding whether plaintiff has shown sufficient likelihood of prevailing on the merits, *the mere fact that a trial court relies upon conflicting evidence is not determinative....*

Shannon, Herring, and Dow, *Temporary Restraining Orders and Temporary Injunctions in Texas—A Ten Year Survey, 1975–85*, 17 St. Mary's Law Journal 689, 717–18 (1986) (emphasis added, citations omitted).

terests pendente lite, and any legal or equitable theories bearing on the right to recover, even though not pleaded in the case at the time of the hearing on temporary injunction. For example, in *Zmotony v. Phillips, supra,* the court held that defendants' interest in remaining in their mobile home (which they could move only at the cost of $1,000) pending trial outweighed the plaintiffs' legal right to immediate enforcement of a restrictive covenant against such homes where the evidence reasonably raised the question of whether the covenant had been waived (even though waiver had not been pleaded) and plaintiffs had not shown they would be injured if the home remained on the lot pending a trial on the merits. A temporary injunction requiring removal of the mobile home was consequently and properly denied. In *Southwest Weather Research, Inc. v. Jones, supra,* it was held that the parties' respective interests were equally deserving of protection pendente lite (the plaintiffs' property rights and the defendants' right to engage in a lawful business), but the difficulty of determining where the truth lay with respect to the adjudicative facts dictated the issuance of a temporary injunction simply because important legal rights ought not to be determined until they can be determined accurately. Concerning the matter of "balancing" the equities in these circumstances, *see Storey v. Central Hide & Rendering Co.,* 148 Tex. 509, 226 S.W.2d 615 (1950); *Erikson v. Rocco,* 433 S.W.2d 746 (Tex.Civ.App.1968, writ ref'd n.r.e.); *Bellows-MacLay Const. Co. v. MacLay,* 98 S.W.2d 213 (Tex.Civ.App.1936, no writ); 6 Lowe, Remedies § 115 at 161–63 (Texas Practice 2d ed 1973).

With the foregoing in mind, we return then to the present case where we are instructed to uphold the trial court order on any applicable theory shown in the record, there being no findings of fact or conclusions of law. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex.1968).

It is evident in the record that plaintiffs *contend* they will recover by their suit against the defendants more than the remaining indebtedness upon which defendants' right to a trustee's sale depends.

One may not say from the record, as a matter of law, that they cannot recover such a sum or more. Plaintiffs have not pleaded for cancellation of their note and deed of trust, in the event they recover more than they owe, but there is no impediment in the record to their doing so. *See Commercial Investment Trust v. Smart,* 69 S.W.2d 805 (Tex.Civ.App.1932, no writ). Their failure to plead for that relief at the time of the temporary-injunction hearing is not controlling. *Zmotony v. Phillips, supra.*

■ The parties' respective interests are entirely different. The plaintiffs stand to lose their property interests if the status quo is not maintained; defendants will lose nothing in that event, although they will suffer a *delay* in the enforcement of their legal right to insist upon the trustee's sale. There is no suggestion that the bond required of plaintiffs will not adequately protect defendants against the delay, their entitlement to interest being plain under the promissory note if it is owed at all. Defendants' entire position is one of insisting upon the immediate enforcement of the legal right given them in the deed of trust, although the record shows *they* have been less than insistent in that regard since the debt matured. Yet, the deed of trust was not introduced in evidence and is not before us; presumably it was not considered by the trial court. The particulars of the parties' rights thereunder may only be a matter of conjecture.

We conclude that the trial court abused its discretion in not maintaining the status quo by temporary injunction. This may be predicated on the trial court's purporting to exercise its power of decision without a sufficient factual basis, owing to the absence of the deed of trust from the evidence. *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56 (Tex.1986); *Dallas General Rivers v. Wamix, Inc. of Dallas,* 156 Tex. 408, 295 S.W.2d 873 (Tex.1956); *Powers v. Temple Trust Co.,* 124 Tex. 440, 78 S.W.2d 951 (1935); *Haden Employees' Ass'n. v. Lovett,* 122 S.W.2d 230 (Tex.Civ.App.1938, writ ref'd). It may be predicated on the want of any showing that defendants

might sustain injury if their legal right under the deed of trust is not immediately enforced. *Zmotony v. Phillips, supra.* Finally, it may be predicated on the ground that the trial court failed entirely to make the requisite balancing between the parties' respective claims and interests or it made an incorrect determination in that regard as a matter of law, that being an essential factor raised by the evidence that the court was bound to consider and determine. *Southwest Weather Research, Inc. v. Jones, supra; Zmotony v. Phillips, supra;* and other cases cited above. There is no basis in the record upon which the trial court would have been free to disregard these various considerations. The resulting prejudice is obvious and material. Any one is sufficient to reverse the order below.

We therefore reverse the order of the trial court denying the temporary injunction. We remand the cause to that court with instructions to issue the temporary injunction, effective *pendente lite*, after fixing the amount of security to be required of plaintiffs in accordance with Tex. R.Civ.P.Ann. 684 (Supp.1987). Our previous injunction shall continue in effect until the expiration of this Court's power over its judgment herein.