The SEABORG JACKSON PARTNERS, a Texas Limited Partnership, Appellant,

v.

BEVERLY HILLS SAVINGS, a Federal Savings and Loan Association, and Thomas W. Lyles, Jr., Substitute Trustee, Appellees.

No. 05–88–00025–CV.

Court of Appeals of Texas, Dallas.

June 17, 1988.

Rehearing Denied July 26, 1988.

Larry M. Lesh, David G. McCracken, Mark G. Magilow, Dallas, for appellant.

Thomas E. Kurth, W. Alan Wright, Jack N. Ross, II, Dallas, for appellees.

Before HOWELL, LAGARDE and KINKEADE, JJ.

LAGARDE, Justice.

The Seaborg Jackson Partners, a Texas limited partnership (Seaborg Jackson), sued Beverly Hills Savings (Beverly Hills) and Thomas W. Lyles, Jr., Substitute Trustee (Lyles), alleging a breach of contract. Along with its original petition, Seaborg Jackson filed an application for a temporary injunction restraining Beverly Hills and Lyles from proceeding with foreclosure of a deed of trust and security agreement. After a hearing, the trial court denied the application. Pursuant to section 51.014(4) of the Texas Civil Practice and Remedies Code,[1] Seaborg Jackson has taken this interlocutory appeal. We reverse the order of the trial court and remand the cause, with instructions, to the trial court.

## FACTUAL BACKGROUND

This case arises out of a borrower-lender relationship that began in July of 1983 when Seaborg Jackson, through its sole general partner, Seaborg, Inc., executed and delivered a promissory note in the principal sum of $8,500,000 to BH Mortgage

---

1. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014  (Vernon 1986).

Corporation, of which Beverly Hills is the successor-in-interest. The note evidences a loan made by Beverly Hills to Seaborg Jackson. As security for the note, Seaborg Jackson executed a deed of trust and security agreement which encumbered certain real property of Seaborg Jackson located in Dallas, Texas. The property covered by the deed of trust is an office building in downtown Dallas commonly known as Renaissance Place. The original note made no mention of any limitation on the rights of the holder to pursue all avenues of collection, including any legal remedies available against Seaborg, Inc., the sole general partner of Seaborg Jackson. Thus, the note, by its original terms, was a full recourse note.

In April of 1984, Seaborg Jackson and Beverly Hills executed an agreement entitled "Modification of Note and Deed of Trust." The primary purpose of the modification agreement was to reduce the personal recourse available to Beverly Hills against Seaborg Jackson and the general partner from full recourse to a limited recourse not to exceed $3,500,000. All parties agree that the April 1984 negotiations effectively limited recourse liability.

## THE CURRENT CONTROVERSY

In May of 1986, Seaborg Jackson and Beverly Hills began further modification negotiations that have led to this appeal. The negotiations resulted in a letter agreement dated October 21, 1987. Among the terms of the letter agreement was the requirement that Seaborg Jackson execute up front two checks totaling $475,000. One of the checks was delivered directly to Beverly Hills. The other check was sent to an escrow agent to be held pending the closing of the loan modification. In consideration for this up-front cash, Beverly Hills agreed not to proceed with foreclosure of the deed of trust unless the loan modification contemplated in the letter agreement was rejected by the Federal Home Loan Bank Board (FHLBB). Beverly Hills was under supervision of the FHLBB during the loan modification negotiations.

The letter agreement was submitted to and approved by the FHLBB. Nonetheless, because of its contention that Seaborg Jackson had not satisfied the terms of the letter agreement, Beverly Hills commenced foreclosure proceedings.

The letter agreement contemplated that the original promissory note was to be replaced by two new promissory notes. Seaborg Jackson executed the new notes and delivered them to Beverly Hills. Beverly Hills claimed that the form of the notes did not conform to the letter agreement. The notes executed by Seaborg Jackson were non-recourse notes. Beverly Hills claimed that the letter agreement did not contemplate the elimination of recourse liability. Seaborg Jackson argues that the elimination of recourse liability was a clearly negotiated point of the loan modification. Seaborg Jackson claims that non-recourse notes were attached to the letter agreement as examples of the notes to be used in the actual transaction. Beverly Hills counters that both parties understood that the notes attached to the letter agreement had no effect on the substantive terms of the agreement. The crux of the present controversy before us is whether the trial court erred in refusing to temporarily restrain Beverly Hills from foreclosing on the deed of trust until it is established in a trial on the merits whether or not a foreclosure by Beverly Hills would breach the agreement between the parties.

## DISCUSSION AND HOLDING

In order to establish the right to a temporary injunction, the applicant must show: (1) a probable and irreparable injury; and (2) a probable right to recover after a final hearing on the merits. *Anderson Oaks v. Anderson Mill Oaks*, 734 S.W.2d 42, 43 (Tex.App.—Austin 1987, no writ). Review of an order denying a temporary injunction is limited to a determination of whether the trial court abused its discretion. *Zmotony v. Phillips*, 529 S.W.2d 760, 762 (Tex.1975).

With regard to the requirement of a probable and irreparable injury, it was established at the hearing that Renaissance Place, the property in question, has been

certified by the Department of Interior as a historical structure. Obviously, the trustee's sale would permanently deprive Seaborg Jackson of title to and possession of this unique piece of real estate. Under these circumstances, we hold any legal remedy to be inadequate as a matter of law. *See El Paso Development Co. v. Berryman,* 729 S.W.2d 883, 888 (Tex.App. —Corpus Christi 1987, no writ).

▓▓▓ Next, we must determine whether the trial court abused its discretion when it determined that the applicants failed to show a probable right to recover after a final hearing on the merits. The evidence presented at the hearing on the temporary injunction conflicts as to whether or not the elimination of recourse liability was agreed upon in the loan modification negotiations. As was the case in *Anderson Oaks, supra,* the probability of the applicant's recovery is a function of the resolution a fact finder would give to the parties' dispute regarding the terms of the modification agreement. The requirement of demonstrating a likelihood of prevailing on the merits does not require a demonstration that the applicant will finally prevail in the litigation. *Camp v. Shannon,* 162 Tex. 515, 518, 348 S.W.2d 517, 520 (1961). To warrant a preliminary injunction, the applicant need only show a probable right and a probable injury. *Keystone Life Ins. Co. v. Marketing Management, Inc.,* 687 S.W.2d 89, 92 (Tex. App.—Dallas 1985, no writ).

▓▓▓ Abuse of discretion does not exist if the trial court bases its decision on conflicting evidence *and the evidence reasonably supports its conclusion. Executive Tele–Communication Systems v. Buchbaum,* 669 S.W.2d 400, 403 (Tex.App.—Dallas 1984, no writ) (emphasis added). Where, as in this case, there is a serious conflict in the evidence, a trial court must consider the entire context of the case before it issues an order that effectively determines valuable legal rights without a trial on the merits. The principles governing courts of equity govern injunction proceedings unless superceded by a specific statutory mandate. *See* TEX.CIV.PRAC. & REM.CODE § 65.001 (Vernon 1986). In balancing the equities, the trial court must weigh the harm or injury to the applicant if the injunctive relief is withheld against the harm or injury to the respondent if the relief is granted. *See Parks v. U.S. Home Corp.,* 652 S.W.2d 479, 486 (Tex.App.— Houston [1st Dist.] 1983, writ dism'd w.o. j.). Seaborg Jackson stands to lose title to and possession of a unique property if the status quo is not maintained. If the temporary injunction is issued, Beverly Hills will suffer a delay in the enforcement of its right to foreclose. In this case, as in *Anderson Oaks, supra,* there has been no showing "that defendants might sustain injury if their legal right under the deed of trust is not immediately enforced." *Anderson Oaks,* 734 S.W.2d at 45–46. We must conclude that the trial court either failed to balance the respective claims of the parties or, as a matter of law, made an incorrect determination. The trial court was not free to disregard these equitable considerations and, in doing so, abused its discretion.

Therefore, we reverse the order of the trial court denying the temporary injunction. We remand the cause to that court with instructions to: (1) conduct an injunction bond hearing; (2) fix the amount of security to be required of Seaborg Jackson; and (3) issue a temporary injunction pending trial on the merits.