CV5-006 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00006-CV







Clarence M. David, Appellant



v.



Isador Kaderka, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 94-211-C277, HONORABLE JOHN CARTER, JUDGE PRESIDING







PER CURIAM



 In two points of error, appellant contends that the trial court improperly enjoined
him from foreclosing on appellee's interest in a 113-acre tract of land in Williamson County and
from evicting appellee from a 50-acre tract. We will affirm the trial-court order.



Background


 In May 1989, Shanklin Properties obtained a judgment (1) against appellee for money
owed for improvements to real property, and was awarded a constitutional mechanic's lien against
113 acres of land in Williamson County that appellee owned. (2) Appellee then filed for bankruptcy. 
The bankruptcy court declared the lien not avoidable as a judicial lien, (3) but limited the lien to an
unspecified fifty acres "surrounding the house upon which the work was done." The judgment
later referred to the fifty acres "around the house upon which the Debtor's homestead is located." 
Further, the judgment excluded from the amount secured by the lien the attorney's fees awarded
to Shanklin and any interest on those fees. In August 1993, Shanklin foreclosed the lien against
the fifty acres. Appellant purchased this tract at a constable's sale.

 After the purchase, appellant sued in justice court seeking to evict appellee. The
justice court ruled that it was without jurisdiction because of an underlying trespass to try title
action that appellee had filed in district court. Appellant appealed the justice-court ruling to the
county court and sought to foreclose a lien on the 113-acre tract that he had purchased from the
Czech Catholic Union of Texas (KJT). Appellee, prior to any ruling by the county court on the
eviction cause of action, obtained this injunction against eviction and foreclosure until
determination of the trespass to try title action in the district court. 



Standard of Review


 Because an appeal of an order granting or denying a temporary injunction is an
appeal from an interlocutory order, the merits of the movant's case are not presented for appellate
review. Davis v. Huey, 571 S.W.2d 859, 861 (Tex. 1978); Car Wash Sys. of Texas, Inc. v.
Brigance, 856 S.W.2d 853, 857 (Tex. App.--Fort Worth 1993, no writ). Our review is strictly
limited to a determination whether the trial court clearly abused its discretion. Iranian Muslim
Org. v. City of San Antonio, 615 S.W.2d 202, 208 (Tex. 1981); Davis, 571 S.W.2d at 862. A
temporary injunction pending trial on the merits issues to preserve the status quo pending a final
adjudication of the parties' rights. Davis, 571 S.W.2d at 862; Turcotte v. Alice Nat'l Bank, 402
S.W.2d 894, 896 (Tex.1966).

 To obtain a temporary injunction, the applicant must show a probable right of
recovery in a trial on the merits and a probable injury in the interim. Walling v. Metcalfe, 863
S.W.2d 56, 57 (Tex. 1993); Anderson Oaks (Phase I) Ltd. Partnership v. Anderson Mill Oaks,
Ltd., 734 S.W.2d 42, 43 (Tex. App.--Austin 1987, no writ). A probable right to recover,
however, does not mean that the applicant must show that he will finally prevail in the litigation. 
Camp v. Shannon, 348 S.W.2d 517, 520 (Tex. 1961); Seaborg Jackson Partners v. Beverly Hills
Savings, 753 S.W.2d 242, 245 (Tex. App.--Dallas 1988). Instead, concerning both the facts and
the law, the applicant need only show "that a bona fide issue exists as to his right to ultimate
relief." Anderson Mill, 734 S.W.2d at 44 n. 1 (citing 6 Hamilton Lowe, Remedies § 153, at 188
(Texas Practice 2d ed. 1973)).

 Whether the court abused its discretion in granting or denying a temporary
injunction must be determined with regard to the entire context of the cause, including the
existence of a fact dispute, the nature of the parties' respective interests, the necessity for
protecting such interests pendente lite, and any legal or equitable theories bearing on the right to
recover. Anderson Mill, 734 S.W.2d at 44-45. An abuse of discretion occurs when the evidence
upon which the injunction is granted fails to furnish any reasonable basis for concluding that the
applicant has a probable defense or right to recover. Camp, 348 S.W.2d at 519.

 Another element in determining whether the trial court abused its discretion is the
existence of an adequate remedy at law. Harris County v. Gordon, 616 S.W.2d 167, 168 (Tex.
1981). A legal remedy is not adequate, however, unless it provides the injured party relief that
is clear, full, practical and efficient. Brazos River Conservation & Reclamation Dist. v. Allen,
171 S.W.2d 842, 846 (1943). When an action involves property, if the applicant for temporary
injunction presently has title and possession of the property in question, and would be deprived
of both, then any legal remedy is inadequate as a matter of law. Anderson Mill, 734 S.W.2d at
43; see also Sumner v. Crawford, 91 S.W. 994, 995-96 (Tex. 1897).

 In exercising its discretion, the court may also consider the equitable or inequitable
conduct of either party. For example, the court may consider a debtor's difficulty in obtaining
information concerning the exact amount owed as a factor in deciding whether to grant or deny
a temporary injunction. Ginther-Davis Center, Ltd. v. Houston Nat'l Bank, 600 S.W.2d 856, 864
(Tex. Civ. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.); Hiller v. Prosper Tex, Inc., 437
S.W.2d 412, 414 (Tex. Civ. App.--Houston [1st Dist.] 1969, no writ).



Issues Needing Resolution at Trial


 In appellant's first point of error he contends that the trial court abused its
discretion in enjoining his foreclosure efforts regarding the 113 acres because there is insufficient
evidence that appellee will probably prevail on his claim. In his second point of error he contends
that the trial court abused its discretion in enjoining his eviction efforts regarding the fifty acres
because there is insufficient evidence that appellee has no adequate remedy at law. Inasmuch as
the 50-acre tract is a subpart of the 113-acre tract, we will consider these points together as the
issues concerning these two tracts are intertwined. We consider the evidence as it bears on our
consideration whether the trial court abused its discretion in issuing the injunction, not as it bears
on the merits of the underlying action.

 A fundamental problem that needs to be addressed is the nature of appellee's
interest because appellant cannot acquire more of an interest than appellee owned. Some evidence
indicates that appellee's ownership interest was limited to an undivided one-third interest in the
113-acre tract. The lien to KJT refers to a "one-third" interest being pledged to secure the note. 
It is unclear whether this means a one-third interest was all that appellee owned, or simply all that
was pledged. (4) Neither the bankruptcy court judgment nor the Shanklin Properties judgment refers
to a one-third interest. Appellee himself does not seem certain. He testified that the property was
a family farm, that he had lived on this property all his life (sixty-five years), and was now alone,
raising the possibility that he at some point acquired total ownership.

 Another basic problem that needs resolution is the validity of the constable's sale. 
The order for sale contains an amount for the debt to be secured by the foreclosure that appears
to include the attorney's fees that the bankruptcy court specifically excluded. Appellee raised
questions about the correctness of the order's reference to certain deed records, as well as the
selection of the fifty acres. (5)

 Appellee also raised issues concerning the effect of a request for a "payoff" amount
for the KJT lien. Appellee testified at trial that he did not know exactly how much he owed,
although he knew he was in arrears. A letter requesting the amount owed was introduced into
evidence. Appellant did not introduce controverting evidence.



Propriety of Injunction


 We must uphold the trial court order on any applicable theory shown in the record,
there being no findings of fact or conclusions of law. Seaman v. Seaman, 425 S.W.2d 339 (Tex.
1968).

 We do not think that the trial court abused its discretion in granting the injunction
to preserve the status quo. In considering a general balancing of the equities involved, appellant
may be delayed in exercising his legal rights, but appellee could be precluded from exercising his
by being ousted from a farm on which he has spent his entire life. See Anderson Mill, 734
S.W.2d at 45. Appellee has produced evidence that raises questions about the exact nature of his
interest in the property, and thus about the nature of appellant's interest. The end result,
depending on the interaction of appellee's title and the validity of the constable's sale, could be
a variety of ownership interests in the property. For example, appellee and appellant could end
up becoming tenants in common in all or part of the property. Further, if appellee owns less than
all of the property, someone else must have an ownership interest that needs to be considered. 
An injunction at this point will allow the rights of the parties to be determined without further
complication.

 We hold that the trial court did not abuse its discretion in granting the temporary
injunction and affirm the order.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: August 16, 1995

Do Not Publish
1. [1] The judgment was assigned to Homes, Etc., a party restrained by the injunction who did
not appear on the appeal bond as an appellant. In response to a query from the Clerk of this
Court, Homes, Etc., stated that it was not a party to this appeal.
2. [2] The exact nature of appellee's ownership will be discussed later.
3. [3] 11 U.S.C. § 522(f)(1988).
4. [4] A deed referred to in the statement of facts as a "gift deed" to appellee was excluded from
evidence.
5. [5] Appellee testified that the chosen fifty acres would block his access to the remainder of the
property.