TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00515-CV






City of Austin, Appellant



v.



Travis County Landfill Company, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 97-07362, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 







 The City of Austin appeals from a trial-court order directing issuance of a
temporary injunction in a suit brought against the City by the Travis County Landfill Company. 
We will reverse the order and dissolve the injunction.


THE CONTROVERSY

 The City owns and operates Austin-Bergstrom International Airport, formerly
Bergstrom Air Force Base. The Company owns real property about a mile and one-half south of
the airport. The Company's predecessors in title granted the federal government an easement
allowing a certain number of low-level "military" flights per year, (1) over the land now owned by
the company, in the operation of Bergstrom Air Force Base. The City acquired the easement after
it purchased the base. The City has unsuccessfully attempted to acquire by contract other rights
from the Company. When the City airport becomes fully operational, numerous civilian craft will
take off and land daily at altitudes less than five hundred feet above the Company's land, as
required by federal safety regulations and statutes. A few civilian aircraft presently fly at that
level although the airport is not yet fully operational.

 The Company sued the City alleging causes of action for declaratory judgment that
the scope of the easement does not include civilian aircraft, for trespass, and for inverse
condemnation or permanent injunction prohibiting low-level civilian aircraft flights over Company
property. Ancillary to these causes of action, the Company applied for a temporary injunction
restraining the flights pendente lite. The trial court granted the application. The City appeals. 
See Tex. Civ. Prac. & Rem. Code Ann. § 51.104(4) (West Supp. 1998).


DISCUSSION AND HOLDINGS

 The parties join issue on whether the trial judge abused his discretion in ordering
issuance of the temporary injunction. See Brooks v. Expo Chem. Co., 576 S.W.2d 369, 370 (Tex.
1979). In cases like the present, the writ depends upon the applicant's showing in the trial court
both (1) a probable and irreparable injury and (2) a probable right to recover after final hearing
on the merits. Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (West 1997); Transport Co. of Tex.
v. Robertson Transps., 261 S.W.2d 549, 552 (Tex. 1953). In its third point of error, the City
contends the Company failed to make the necessary showings. We agree and sustain the point of
error.

 The evidentiary record consists of several photographs, a drawing, six affidavits,
two letters, and a copy of a federal circular. There is no evidence the Company's land is
occupied. In 1988 the Company obtained from the City a permit to operate a landfill on the
property; as of July 1997, however, no such operation had begun, apparently because of a lack
of "startup capital." Nothing in the evidence suggests the Company intends to begin such
operations during the pendency of the litigation or that the Company intends to sell the property
to a buyer who would be impaired in his use of the property in the absence of a temporary
injunction. Nor does the evidence suggest the few civilian overflights currently taking place have
injured the Company in its ownership or possession of the unoccupied land. We, therefore,
believe the trial judge could not reasonably conclude from the evidence that the Company will
probably sustain an irreparable injury pendente lite if denied a temporary injunction.

 A court confronted with an application for an injunction may be required to balance
the equities, i.e., consider any injury that may result to the respondent and the public by granting
the injunction as compared to any injury that might be sustained by the applicant if the writ be
denied. Storey v. Central Hide & Rendering Co., 226 S.W.2d 615, 618-19 (Tex. 1950); see
Bellows-MacLay Constr. Co. v. MacLay, 98 S.W.2d 213, 214 (Tex. 1936); see generally 43
C.J.S. Injunctions § 35 (1978); 42 Am. Jur. 2d Injunctions § 56 (1969). (2) The state of the
evidentiary record, detailed above, does not suggest the Company will sustain an irreparable
injury if the temporary injunction is denied. On the other hand, the City and the public stand to
suffer a substantial injury from the temporary injunction. The evidence reveals the City had
permitted air-cargo carriers to fly in and out of the airport before the injunction issued. The
carriers have moved their equipment and facilities to the airport, and the City will incur significant
losses if the air-cargo carriers are forced to relocate their facilities and equipment because of the
injunction. For example, the evidence suggests the City will lose $152,884.66 each month the
injunction is in effect. It is reasonable to infer from this evidence that the public, too, will suffer
significant hardship as a result of the effect of the injunction on air-cargo carriers. We believe
the granting of the injunction causes a much greater injury to the City and the public than the
denying of it causes the Company. Cf. Merrick v. Evergreen Helicopters, Inc., 649 S.W.2d 807,
808-809 (Tex. App.--Corpus Christi 1983, no writ) (in nuisance action, appellate court upheld trial
court's refusal to enjoin helicopters from landing based on balancing of equities; court noted
applicant's property was uninhabited, owner of heliport operated legitimate business and had spent
money improving land for use as heliport).

 We need not discuss the issue of a probable right in the company to recover on the
merits.


CONCLUSION

 Having held the trial court abused its discretion in granting the temporary
injunction, we reverse the order, dissolve the writ and remand the cause to the trial court.



 _____________________________________________

 John Powers, Justice

Before Justices Powers, Jones, and Kidd

Reversed and Remanded

Filed: February 26, 1998

Do Not Publish 
1. The parties dispute whether the easement authorized only military flights.
2. We acknowledge the exception to this rule: the doctrine of "balancing the equities" does
not apply to injunctive relief specifically provided for in remedy of particular statutory violations. 
See, e.g., State v. Texas Pet Foods, Inc., 591 S.W.2d 800, 805 (Tex. 1979). The exception does
not apply to this case because the Company applied for an injunction pursuant to the general
equitable injunction statute. See Tex. Civ. Prac. & Rem. Code Ann. § 65.011; see also Storey
v. Central Hide & Rendering Co., 226 S.W.2d 615, 619 (Tex. 1950) (applying doctrine to action
brought under statutory predecessor to current general equitable injunction statute).



 right to recover after final hearing
on the merits. Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (West 1997); Transport Co. of Tex.
v. Robertson Transps., 261 S.W.2d 549, 552 (Tex. 1953). In its third point of error, the City
contends the Company failed to make the necessary showings. We agree and sustain the point of
error.

 The evidentiary record consists of several photographs, a drawing, six affidavits,
two letters, and a copy of a federal circular. There is no evidence the Company's land is
occupied. In 1988 the Company obtained from the City a permit to operate a landfill on the
property; as of July 1997, however, no such operation had begun, apparently because of a lack
of "startup capital." Nothing in the evidence suggests the Company intends to begin such
operations during the pendency of the litigation or that the Company intends to sell the property
to a buyer who would be impaired in his use of the property in the absence of a temporary
injunction. Nor does the evidence suggest the few civilian overflights currently taking place have
injured the Company in its ownership or possession of the unoccupied land. We, therefore,
believe the trial judge could not reasonably conclude from the evidence that the Company will
probably sustain an irreparable injury pendente lite if denied a temporary inju