TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00583-CV






Samuel Murphy and Leela Murphy, Appellants



v.



Fairfield Financial Group, Inc. and J. Richard ("Rick") Renshaw, Appellees






FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 11,805, HONORABLE DONALD V. HAMMOND, JUDGE PRESIDING 







 Samuel Murphy and Leela Murphy appeal the order denying their motion for a
temporary injunction to prevent Fairfield Financial Group, Inc. and J. Richard "Rick" Renshaw
from foreclosing on and selling their house. We will reverse the order and remand the cause for
further proceedings and orders consistent with this opinion.

 In 1986, the Murphys assumed a $45,000 note on real estate in Llano County. The
note was originally due in 1991. Fairfield extended the due date until May 4, 1994. The Murphys
did not make the balloon payment on the due date. More than four years later, in a letter dated
September 2, 1998, the Murphys wrote the following, apparently in response to steps to collect
or foreclose:


We would like to request a "holiday" from the interest on the house, as we will
have to be paying on the taxes also, and can't afford both on our income. If the
house payment could be cut in ½ and all of it go on principal, we might be able,
with our children's help, to hang on. I know this seems like a lot to ask but I don't
see any other way we can do it. I hope we can work something out, as we really
hate to lose the house.


Thank you so much for your consideration the past few years--it has been a big
blessing for us.


* * * 



P.S. We are both disabled, on disability, Mr. Murphy is legally blind, on dialysis
3X weekly and cannot work at all. I cannot work because of my Rheumatoid
Arthritis--I am having to use a walker or wheelchair to get around and also have
fibromyalgia, which is painful and tender over most of my body.


Fairfield set the house for foreclosure on October 6, 1998. The Murphys filed this suit seeking
a permanent injunction stopping the sale and a declaration that the deed of trust on their property
is unenforceable because a four-year statute of limitations bars appellees from foreclosing on their
property. See Tex. Civ. Prac. & Rem. Code Ann. § 16.035(b) (West Supp. 1999). Pending trial
on those claims, the Murphys sought a temporary injunction preventing a foreclosure sale, arguing
that the foreclosure sale would harm them irreparably by disposing of the property.

 Following a hearing, the trial court denied the Murphys' request for temporary
injunction. In the order denying a temporary injunction, the court expressly found that "the letter
dated September 2, 1998, signed by [the Murphys] and admitted as Defendants' Exhibit #5 in the
hearing for temporary injunction, is an acknowledgement of debt." The court nevertheless
enjoined appellees from posting the property for foreclosure for thirty days after November 5,
1998. This Court issued a temporary order preventing appellees from posting the property for
foreclosure during the pendency of this interlocutory appeal.

 We may reverse the denial of a motion for temporary injunction only if we find that
the trial court clearly abused its discretion. Davis v. Huey, 571 S.W.2d 859, 861-62 (Tex. 1978). 
We do not consider the merits of the movant's case on appeal and cannot substitute our judgment
for that of the trial court. Id. at 861-62. We must draw all legitimate inferences from the
evidence in a manner most favorable to the trial court's ruling. Miller v. K & M Partnership, 770
S.W.2d 84, 87 (Tex. App.--Houston [1st Dist.] 1989, no writ).

 At a hearing on a request for temporary injunction, the only question before the trial
court is whether the applicant is entitled to the preservation of the status quo of the subject matter
of the suit pending trial on the merits. Davis, 571 S.W.2d at 862. To be entitled to a temporary
injunction, the movant must show (1) a probable right to recovery; (2) that imminent, irreparable
harm will occur in the interim if the request is not granted; and (3) that no adequate remedy at law
exists "when all defenses made by the pleadings are considered." Sun Oil Co. v. Whitaker, 424
S.W.2d 216, 218-19 (Tex. 1968); Transport Co. of Texas v. Robertson Transps., Inc., 261
S.W.2d 549, 152 Tex. 551 (Tex. 1953); see also Tex. Civ. Prac. & Rem. Code Ann. § 65.011
(West 1997).

 The record does not include any findings of fact or conclusions of law apart from
the trial court's express finding that the Murphys' letter constituted an acknowledgment of their
debt. We therefore assume the court determined adversely to the Murphys all prerequisites to the
issuance of a temporary injunction.

 With respect to their need to show a probable and irreparable injury, we find no
basis upon which the trial court could have decided that matter against them. It is undisputed that
the Murphys presently have title and possession of the property, and further that the foreclosure
sale would deprive them of both. In these circumstances, any legal remedy would be inadequate
as a matter of law. See Anderson Oaks (Phase I) Ltd. Partnership v. Anderson Mill Oaks, Ltd.,
734 S.W.2d 42, 43 (Tex. App.--Austin 1987, no writ). Thus, we must decide whether the trial
court abused its discretion in deciding that the Murphys did not demonstrate a probable right to
recover.

 Based upon the trial court's finding with regard to their letter, it is clear that the
trial court determined that the Murphys could not prevail on the merits. The facts are undisputed
that the Murphys' debt became due more than four years before Fairfield attempted foreclosure. 
It is equally clear that the debt is secured by a real property lien. The Murphys interposed a
limitations defense that would bar Fairfield's right to recovery under a four year statute of
limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.035 (West Supp. 1999) (sale pursuant to
lien must be made not more than four years after cause accrues). Thus, to the extent the statute
applies, the Murphys demonstrated a probable right to prevail on the merits. Fairfield's response
relies upon the Murphys' September 2 letter, claiming that the debt can be renewed by written
acknowledgment. Tex. Civ. Prac. & Rem. Code Ann. § 16.065; see Eldridge v. Collard, 834
S.W.2d 87, 89 (Tex. App.--Fort Worth 1992, no writ). Whether their letter is an
acknowledgment that revives their debt is a question for the trier of fact on the merits of the trial,
not a question of fact or law for the trial judge at the hearing on the temporary injunction. See
MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).

 We conclude that under the facts presented the trial court abused its discretion by
not granting the temporary injunction. The fact that the parties dispute the effect of the September
2 letter merely supports the need to maintain the status quo pending resolution of their dispute
about the facts, taking into account the principles of equity, the nature of the parties' interests, and
the necessity for protecting those interests during the pendency of the cause. See Anderson Oaks,
734 S.W.2d at 43.

 We therefore reverse the order of the trial court denying the temporary injunction. 
We remand the cause to the trial court with instructions to issue the temporary injunction and fix
the amount of security required. Tex. R. Civ. P. 684. Our previous injunction shall continue in
effect until the expiration of this Court's power over its judgment herein.



 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Reversed and Remanded

Filed: June 10, 1999

Do Not Publish




* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



 most favorable to the trial court's ruling. Miller v. K & M Partnership, 770
S.W.2d 84, 87 (Tex. App.--Houston [1st Dist.] 1989, no writ).